# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 11-43840 |
| Francis Hernandez, | Judge Schmetterer |
| Debtor. | Chapter 7 |
| | Trustee- David Herzog |

### DEBTOR'S OBJECTION TO TRUSTEE'S FINAL REPORT

Debtor, Francis Hernandez, hereby objects to the Chapter 7 Trustee's Final Report, which fails to pay the debtor the full amount of the exemptions that he has claimed in this case. The grounds for this objection are:

1. This case was filed on October 28, 2011.

2. On November 21, 2011, debtor filed amended schedule B which listed a cause of action against his former employer for unlawful discharge from his job. On Schedule B debtor listed the value of asset to be $27,000. A copy of Amended Schedule B is attached as Exhibit "1" and incorporated by reference.

3. On November 21, 2011, debtor filed amended schedule C which asserted exemptions in the expected recovery in the wrongful discharge cause of action. A copy of Amended Schedule C is attached as Exhibit "2" and incorporated by reference.

4. The total amount of the exemptions claimed by the debtor is $14,194.92.

Lost wages and pre-judgment interest

    a. 85% of lost wages                                    $10,200
        735 ILCS 5/12-803 and 740 ILCS 170/4

    b. Wild card exemption                                1,800
        735 ILCS 5/12-1001(b)

Case 11-43840    Doc 57    Filed 01/12/15    Entered 01/12/15 12:34:42    Desc Main
              Document      Page 2 of 3

    Emotional distress damages

        c. Wild card exemption                            2,194.92
           735 ILCS 5/12-1001(b)

    TOTAL EXEMPTIONS                             $14,194.92

    5.       The section 341 meeting of creditors was held and concluded on December 5, 2011.

    6.       No objections have been filed to debtor's exemptions.

    7.       A party in interest must file any objections to debtor's exemptions within 30 days after the conclusion of the section 341 meeting of creditors. Fed. R. Bankr. P. 4003(b).

    8.       Debtor's exemptions are now incontestable. *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992).

    9.       In his Final Report the Chapter 7 trustee proposes to distribute $11,117.24 to the debtor.

    10.      This is improper – the debtor's exemptions are paid before any other expenses. *Cf. Law v. Siegel,* 134 S.Ct. 1188 (2014).

    11.      The debtor should be paid the full amount of his exemptions, $14,194.92, not just $11,117.24.

    WHEREFORE, debtor prays that the Court:

    a.       reject the Chapter 7 trustee's final report;

    b.       direct the Chapter 7 trustee to revise his final report so that the debtor is paid $14,194.92, the full amount of his claimed exemptions.

    c.       grant such other, further and different relief as may be just and proper.

                          Respectfully submitted,


                          */s/   David S. Yen*
                          Attorney for Debtor


David S. Yen
Attorney for Debtor
ARDC ID# 06194700
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL 60603-3425
Phone: 312/341-1070 or 347-8372